UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

     -v-                        1:15-CV-1308
                                 (DNH/CFH)

RICHARD D. FELDMANN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                       OF COUNSEL:

U.S. SECURITIES & EXCHANGE COMMISSION   ANDREW M. CALAMARI, ESQ.
*Attorneys for Plaintiff*                   JOHN J. GRAUBARD, ESQ.
Brookfield Place, 4th Floor              JUDITH A. WEINSTOCK, ESQ.
200 Vesey Street
New York, NY 10281

RICHARD D. FELDMAN
*Pro Se Defendant*
16 Regina Court, No. 2
Delmar, NY 12054

DAVID N. HURD
United States District Judge

## **CONSENT JUDGMENT**
## **ENFORCING COMPLIANCE WITH COMMISSION ORDER**

The Plaintiff Securities and Exchange Commission (the "Commission") having applied to

the Court for a judgment pursuant to Section 20(c) of the Securities Act of 1933 ("Securities

Act"), 15 U.S.C. § 77t(c), and Section 21(e)(1) of the Securities Exchange Act of 1934

("Exchange Act"), 15 U.S.C. § 78u(e)(1), enforcing compliance by the Defendant Richard D.

Feldmann ("Feldmann") with a final Commission order entered against him on April 3, 2014 (the

"Commission Order") which, in part, required Feldmann to pay disgorgement of $299,000, prejudgment interest to that date of $55,394.87, and a civil money penalty of $130,000 within 14 days after the entry of the Commission Order, and the Court having reviewed the Commission's Application and the Consent of Richard D. Feldmann to the Entry of a Judgment Requiring Compliance with Commission Order (the "Consent"), and it appearing that a judgment enforcing the Commission Order should be entered, it is hereby:

**I.**

ORDERED, ADJUDGED, AND DECREED that the Commission Order be and the same hereby is enforced.

**II.**

FURTHER ORDERED, ADJUDGED, AND DECREED that Feldmann shall pay the Commission the following amounts:

| | |
|---|---|
| Disgorgement | $299,000.00 |
| Prejudgment interest on disgorgement to April 3, 2014 | $44,384.87 |
| Prejudgment interest on disgorgement from April 3, 2014 to May 12, 2016 | $18,698.84 |
| **Total disgorgement and prejudgment interest** | **$362,083.71** |
| Civil money penalty | $130,000.00 |
| Interest under 31 U.S.C. § 3717 from April 3, 2014 to May 12, 2016 | $2,524.99 |
| **Total civil money penalty and § 3717 interest** | **$132,524.99** |
| **TOTAL AMOUNT DUE** | **$494,608.70** |

**III.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that Feldmann shall pay postjudgment interest on such amounts pursuant to 28 U.S.C. § 1961.

**IV.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that Feldmann shall pay the foregoing amounts as follows:

a) Commencing the latter of July 1, 2016 or 14 days following the entry of this Judgment, whichever is later, Feldmann shall pay each month the amount of $25.00 to the Commission;

b) Upon the earliest of the following, 50% of the net proceeds of the sale of Feldmann's residence located in Delmar, New York:

i. Feldmann's death;

ii. Feldmann residing in a nursing facility, skilled care facility, or assisted living or similar facility for a consecutive period of six months or more; or

iii. Feldmann being in arrears in the payment of real estate taxes, other municipal charges that would constitute a lien under New York law, or the mortgage to Citibank, N.A. dated July 25, 2011 for more than six months, or the acceleration of the amounts due on the Citibank mortgage.

Payment must be made in one of the following ways:

(1) Feldmann may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2) Feldmann may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3) Feldmann may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying Feldmann as Defendant in this proceeding, and the name of this Court and the docket number of this action; a copy of the cover letter and check or money order must be sent to John J. Graubard, Securities and Exchange Commission, New York Regional Office, 200 Vesey Street, Room 400, New York, NY 10281-1022.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Feldmann shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Feldmann's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Feldmann's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Feldmann by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**V.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commission may enforce this Order and Judgment as to disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days from the entry of this Judgment. The Commission may enforce this Order and Judgment

as to civil penalties as provided by the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 - 3306 at any time after 14 days from the entry of this Judgment. Feldmann shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VI.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

_____
United States District Judge

Dated: July 28, 2016
        Utica, New York